JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-7019-DMG (PVCx)** | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Elvia Munoz Melendrez v. General Motors LLC, et al.* | Page | 1 of 5 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [15]**

On March 12, 2025, Plaintiff Elvia Munoz Melendrez filed her Complaint in Los Angeles County Superior Court against Defendant General Motors LLC. [Doc. # 1-1 ("Compl.").] Melendrez alleges violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act") (breach of express and implied warranties, and violations of California Civil Code section 1793.2), violation of the Magnuson-Moss Warranty Act ("MMWA"), fraudulent inducement, intentional misrepresentation, breach of contract, and breach of the implied covenant of good faith and fair dealing. Compl. at ¶¶ 8–85.

Melendrez requests: rescission of the purchase contract; actual damages; restitution; a civil penalty in the amount of two times her actual damages pursuant to California Civil Code section 1794(c); consequential and incidental damages; remedies authorized by California Commercial Code sections 2711, 2712, and 2713; and costs, expenses, and attorney's fees pursuant to California Civil Code section 1794(d). *Id.* at ¶ 6, Prayer for Relief at (a)-(h). On April 29, 2025, General Motors filed its Answer in state court. [Doc. # 1-2.] General Motors removed this action to this Court on July 30, 2025 on the basis of diversity jurisdiction. [Doc. # 1 ("NOR").] On August 22, 2025, Melendrez filed a motion to remand on the ground that General Motors' removal was untimely. [Doc. # 15 ("MTR").] The MTR is fully briefed. [Doc. ## 20-1 ("Opp."), 21 ("Reply").][1]

Having duly considered the parties' arguments, the Court **GRANTS** Melendrez's MTR.

**I.
LEGAL STANDARD**

There are two 30-day periods for removal of a case to federal court. 28 U.S.C. § 1446(b); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). First, the defendant has

---

[1] General Motors filed a Notice of Errata regarding an erroneous citation and a corrected version of its Opposition. *See* Doc. ## 20, 20-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-7019-DMG (PVCx)** | Date | October 23, 2025 |
|---|---|---|---|
| Title | ***Elvia Munoz Melendrez v. General Motors LLC, et al.*** | Page | 2 of 5 |

30 days to remove an action when its removability is clear from the face of the "initial pleading." *Id.* Notice of removability under 28 U.S.C. section 1446 is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under § 1446(b) to begin.'").

Where the initial pleading does not reveal a basis for removal, a defendant has 30 days from the date that it receives "'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 693 (quoting 28 U.S.C. § 1446(b)).

If a defendant has not run afoul of either of the two 30-day periods, a defendant may remove the action "on the basis of its own information." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). "A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Id.*

**II.
DISCUSSION**

General Motors was served with the summons and the complaint on March 13, 2025. Decl. Of Michelle Yang ISO MTR, Exhibit 1 [Doc. # 15-1 at 5–8].[2] If removability was clear from the face of the initial pleading, General Motors' deadline to remove was April 14, 2025. 28 U.S.C. 1446(b)(1). On July 17, 2025, General Motors received a settlement proposal for all of Plaintiff counsel's cases. Opp. at 11. General Motors analyzed documents "beyond just the sales contract" to determine offsets to actual damages and attorneys' fees. *Id.* at 11–12. General Motors removed this action to this Court on July 30, 2025. *See* NOR.

Melendrez contends that General Motors' removal is untimely because: (1) Melendrez asserted a federal MMWA cause of action and General Motors could have removed the action under federal question jurisdiction; or (2) General Motors should have known the amount in controversy exceeded $75,000 at the time the Complaint was filed and could have removed the action under diversity jurisdiction. MTR at 7–11. General Motors asserts the Complaint did not

---

[2] All page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 25-7019-DMG (PVCx) | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Elvia Munoz Melendrez v. General Motors LLC, et al.* | Page | 3 of 5 |

provide notice of either ground for removal because Melendrez was "strategically ambiguous" and did not allege a specific damages amount. Opp. at 9–10.

**A.     MMWA**

The MMWA creates a federal private cause of action. *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 917 (9th Cir. 2005). MMWA claims cannot be brought in federal court if the amount in controversy "is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). The MMWA's amount in controversy does not include attorneys' fees. *See Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The relevant inquiry is thus "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually owe*." *Id.* at 1205.

Because the MMWA is silent on the question of remedies, courts "turn[] to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy." *Romo*, 397 F. Supp. 2d at 1239; *see also Gusse v. Damon Corp.*, 470 F. Supp. 2d 1110, 1117 (C.D. Cal. 2007) ("[C]ourts must look to state substantive law to determine the remedies for breach of an express warranty."). Melendrez alleges breach of written and implied warranty under the MMWA. Compl. at ¶¶ 40–41. Contrary to General Motors' arguments otherwise, civil penalties are available under the applicable state law—the Song-Beverly Act—and can be considered to determine the MMWA amount in controversy. *See Romo*, 397 F. Supp. 2d at 1240; Opp. at 11, 16. The Song-Beverly Act allows plaintiffs to recover both actual damages and up to two times the amount of actual damages in civil penalties if they can establish that the defendant's violation was willful. *See* Cal. Civ. Code § 1794(c). Melendrez requests civil penalties under California Civil Code section 1794(c). Prayer for Relief at (c).

Melendrez provided the year, make, model, and VIN for her vehicle in her Complaint. Compl. at ¶ 6 ("2021 GMC Sierra 1500, VIN 3GTU9CET3MG360862"). Melendrez purchased the vehicle on or around August 3, 2021 from a person or entity engaged in the business of manufacturing, distributing, selling, or leasing consumer goods at retail. Compl. at ¶¶ 9, 10. In its Notice of Removal, General Motors estimated the purchase price of the vehicle to be $39,675.00. NOR at 4.

Based on General Motors' own methodology, Melendrez need have paid only $16,667 for the vehicle to meet the MMWA's $50,000 amount in controversy, considering a sum that includes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-7019-DMG (PVCx)** | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Elvia Munoz Melendrez v. General Motors LLC, et al.* | Page | 4 of 5 |

restitution of the purchase price and civil penalties of twice the purchase price. Given that Melendrez provided the year, make, model and purchase date of the car—a car that General Motors itself manufactured—in her Complaint, General Motors should have been able to ascertain from the Complaint alone that a car that retailed for approximately $40,000 had sold for at least $16,667. *See Kuxhausen*, 707 F.3d at 1140 ("[D]efendants need not make extrapolations or engage in guesswork [to determine the amount in controversy]; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'") (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)). General Motors should have reasonably concluded that a vehicle sold in the same year of its release would have been sold for at least half of its purchase price.

The Court reached the same conclusion in similar cases involving untimely removed Song-Beverly Act claims. *Accord Silvano v. Ford Motor Co.*, No. CV 23-2422-DMG (PVCx), 2023 WL 4295090, at *2 (C.D. Cal. June 30, 2023); *Ward v. Ford Motor Co.*, No. CV 22-2771-DMG (PLAx), 2022 WL 2057501, at *1 (C.D. Cal. May 6, 2022). As in *Silvano*, this case is distinguishable from *Kuxhausen*. *Silvano*, 2023 WL 4295090 at * 3 (citing *Kuxhausen*, 707 F.3d at 1140–1); *see also* Opp. at 15. Unlike the plaintiff in *Kuxhausen*, Melendrez has provided the year, make, model, and purchase date of the vehicle. *Cf. Kuxhausen*, 707 F.3d at 1140.

In addition, nowhere in General Motors' NOR or its Opposition does counsel specify what "information" triggered removability. *See* NOR at 6–7. At most, the Opposition states in July 2025 General Motors received a settlement proposal and investigated documents beyond the retail installment sales contract ("RISC"). *See* Opp. at 11–12; NOR at 6. In her reply, Melendrez states that she provided General Motors with a pre-litigation copy of the RISC and all repair orders on October 29, 2024. Reply at 2; Decl. of Michelle Yang ISO Reply at ¶ 3 [Doc. # 21-1].[3] General Motors is correct that because the RISC was delivered prior to the Complaint, it could not have triggered any removal periods. *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 885 (9th Cir. 2010). It does show, however, that the RISC was not the information that triggered General Motors' recent removal. General Motors cannot claim it knew of the RISC, year, make, model, and purchase date of the vehicle at the time of Complaint, and argue the *offsets* are what triggered removability. Nor can General Motors ignore these pleadings in the name of arming itself with defenses against a prospective motion to remand. *See* Opp. at 21. Such strategic litigation is what the 30-day notice is meant to limit. *See Roth*, 720 F.3d at 1125.

---

[3] Contrary to General Motors' objection, this is not a new argument warranting a sur-reply. [Doc. # 22 at 2–3.] There is no prejudice to General Motors—as the recipient of the RISC, General Motors knew of the date received. Moreover, the RISC goes directly to Melendrez's argument regarding the untimeliness of General Motors' removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-7019-DMG (PVCx)** | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Elvia Munoz Melendrez v. General Motors LLC, et al.* | Page | 5 of 5 |

Because removability was clear under the MMWA, the Court need not reach whether removability was clear under diversity jurisdiction. *See* MTR at 9–10; Opp. at 10–11, 19–22. The Court also need not address whether the amount in controversy for diversity jurisdiction is satisfactory. Reply at 5–7; Doc. # 22 at 3.

**B.      Attorneys' Fees**

Melendrez requests attorneys' fees under 28 U.S.C. section 1447(c) for the motion to remand. The Court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of [improper] removal." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (quoting 28 U.S.C. § 1447(c)). Attorneys' fees are awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "[W]hen an objectively reasonable basis exists, fees should be denied." *Id.* Although General Motors' arguments were unsuccessful, some district courts reasonably disagree on what remedies the MMWA provides. *See Scott v. Jayco Inc.*, 443 F. Supp. 3d 1143, 1150 (E.D. Cal. 2020) (declining to follow *Romo*). Melendrez's request for attorneys' fees is **DENIED**.

**III.
CONCLUSION**

In light of the foregoing, Melendrez's MTR is **GRANTED**. Melendrez's request for attorneys' fees is **DENIED**. This action is **REMANDED** to Los Angeles County Superior Court. The October 24, 2025 hearing on the motion is **VACATED**.